UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARY ANN PYBURN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:10-cv-172 |
| v. ) | Judge Mattice |
| ) | |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Lee |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant.* ) | |

## **ORDER**

On April 12, 2011, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation [Court Doc. 22] pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiff has filed timely objections. [Court Doc. 23]. In her objections, Plaintiff asserts five separate claims of error. She has also filed a "Notice of Filing of Fully . . . Favorable Decision . . . of Administrative Law Judge of August 15, 2011 and Request for Closed Period of Disability from June 26, 2005 to June 25, 2008." [Court Doc. 25, Pl.'s Mot.].

*Plaintiff's Objections*

The Court has reviewed *de novo* those portions of Magistrate Judge Lee's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. Proc. 72(b).

In her first objection, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the testimony of a vocational expert ("VE") who had incorrectly identified representative occupations from the Dictionary of Occupational Titles ("DOT")

that Plaintiff was capable of performing. (Court Doc. 23, Objections at 2).[1] At her administrative hearing, in response to the ALJ's request for two examples of DOT-listed work Plaintiff could perform, the VE testified that "[a]t the sedentary level with a, a sit/stand option, one job would be an inspector mender in the textile industry, a sedentary and [Specific Vocational Preparation ("SVP") level] two job. The DOT code is 702.487-010. And the other example would be . . . a bonder operator, 726.684-038." (Tr. 42). The ALJ later asked the VE if his testimony was consistent with the DOT. (Tr. 46). The VE responded that it was not, as "[t]he DOT does not anticipate work at an alternative sit/stand level, but 40 years of experience in rehab and [INAUDIBLE] of that's how work is done, testimony comes from work experience and not the DOT." (*Id.*).

Plaintiff asserts that the VE's testimony does not accurately reflect the "inspector/mender" job description in the DOT and that the job title "bonder operator" is not listed. (Objections at 2). She states that "the ALJ did not satisfy his obligation to question discrepancies between VE testimony and the DOT as required by SSR 00-4p . . . ." (*Id.*). She therefore contends that the claim should be remanded or the ALJ's decision reversed. (*Id.*).

Even assuming that the VE's testimony was inconsistent with the DOT occupational

---

[1] The Court notes at the outset that Plaintiff concedes that she raised this issue for the first time in a reply brief. (*See* Objections at 2; Court Doc. 19 at 5-6). A party cannot raise new issues in a reply brief because consideration of such issues would "deprive[] the non-moving party of its opportunity to address the new arguments." *Hickman v. Sloan Fluid Accessories, Inc.*, Case No. 3:10-cv-58, 2011 WL 2200042 at *6 (E.D. Tenn. June 7, 2011). That alone would be grounds for overruling Plaintiff's objection. *See Cooper v. Shelby County, Tenn.*, Case No. 07-2283, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. Aug.10, 2010) (collecting Sixth Circuit and district court cases discussing the principle that parties may not raise novel issues in a reply brief). However, the Court will address the objection here, as the "reply brief" Plaintiff references actually appears to be a responsive brief to Defendant's Motion for Summary Judgment. (*See* Court Doc. 19).

listings, Plaintiff has not demonstrated that the ALJ erred in making findings based on the VE's unchallenged testimony.[2] Although the VE testified using terms different from those listed in the DOT, the Sixth Circuit has observed that "not all occupations are listed in the DOT, and the VE may use terminology that differs from the terms used in the DOT." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). Moreover, "neither the ALJ nor the VE is required to follow the DOT." *See id* (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir.2003)).

As the Plaintiff intimates, an ALJ is under an affirmative duty to ask if the evidence the VE provided "conflicts with information provided in the DOT." SSR 00-4p, 2000 WL 1898704 at *4; *see Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). In the instant case, the ALJ satisfied his obligation under SSR 004-p by asking the VE if his "testimony is consistent with the Dictionary of Occupational Titles." (Tr. 46); *see Beinlich*, 345 F. App'x at 168 ("The ALJ fully complied with SSR 00-4p when he asked the VE whether there was any discrepancy between her opinions and the DOT standards for the requirements of the jobs she named.") (quotation and alterations omitted). The ALJ was under "no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p . . . . This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do so is not grounds for relief." *Beinlich*, 345 F. App'x at 168-69. Consequently, Plaintiff's claim that the ALJ failed to comply with his obligations under

---

[2] The Court makes no finding as to whether the VE's testimony in fact conflicted with the DOT. However, for the reasons specified, whether or not such a conflict existed is immaterial in the context of the instant objections. *See Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 167-68 (6th Cir. 2009).

SSR 00-4p is without merit, and her first objection will be **OVERRULED**.

In her second, third, and fourth objections, Plaintiff contends that: the ALJ erred in failing to evaluate the collective limitations of fibromyalgia and her other conditions (Objections at 3-4); the ALJ's credibility assessment was erroneous (*Id.* at 4-9); and the Court should reject the relative weight the ALJ afforded to the opinion of Plaintiff's treating physician (*Id.* at 10-12), respectively. These objections raise no new arguments but are simply reiterations of issues Plaintiff previously raised in support of her Motion for Summary Judgment. (*See* Court Doc. 14, Pl.'s Br. in Supp. of Summ. J. at 10-22). Further analysis of these same issues would be cumulative and is unwarranted in light of Magistrate Judge Lee's well-reasoned and well-supported Report and Recommendation, in which she fully addressed each of Plaintiff's arguments. (Report and Recommendation at 12-25). Thus, Plaintiff's second, third, and fourth objections will be **OVERRULED**.

In Plaintiff's fifth and final objection, she challenges the Magistrate Judge's treatment of "new evidence" submitted in support of her motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). (*Id.* at 12-16). After her administrative hearing, Plaintiff submitted three physicians' reports from: Dr. Mullady, dated December 31, 2009; Dr. Nelson, dated May 16, 2010; and Dr. Senter, dated July or August 3, 2010 (the handwritten date notation is unclear). (Court Doc. 15, Pl.'s Supplement). In a corresponding Motion for a sentence six remand, Plaintiff asserted that the reports were obtained "only recently," and she provided citations to and short summaries of district and circuit court cases discussing sentence six remands. (*See* Court Doc. 13). Magistrate Judge Lee concluded that Plaintiff had not met her burden of showing that the evidence she submitted was new

and material and that there was good cause for not presenting it before the ALJ. (*See* Report and Recommendation at 25). The Court agrees with the Magistrate Judge's conclusion. However, in light of Plaintiff's new arguments raised in her objections to the Report and Recommendation, a further brief explanation is warranted.

Sentence six of 42 U.S.C. 405(g) provides that a district court may remand based upon "new evidence which is material and . . . [a showing] that there is good cause for the failure to incorporate such evidence into the record at a prior proceeding . . . ." 42 U.S.C. § 405(g). As Magistrate Judge Lee noted, a plaintiff bears the burden of establishing that a sentence six remand is appropriate. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quotation omitted). It is "material only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quotation omitted). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.*

In her objections to the Report and Recommendation, Plaintiff attempts to assert multiple novel theories as to the materiality and unavailability of the medical evidence on which she bases her present request for a sentence six remand. (*See* Objections at 12-16). She states that the reports were unavailable for submission at the administrative level. (*See id.* at 12, 15). She reiterates that two of the physicians had previously treated her, and she asserts that their conclusions are therefore entitled to significant weight. (*See id.*

-5-

at 13-14). She concludes that "the new evidence should be found material since the ALJ likely would have awarded benefits had it been available for consideration." (*Id.* at 15).

The Sixth Circuit has observed with approval other courts' holdings that "while the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902-03 n.1 (6th Cir. 2000) (citation omitted); *cf. The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) ("This Court has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge. In [*Murr*], however, the Court indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver."). The Court declines to consider Plaintiff's new arguments in support of a sentence six remand. Other than her claims that Dr. Mullady's report is "better supported by the record" and that the other two reports "were obtained only recently," Plaintiff raised none of the instant arguments in the motion for a sentence six remand she submitted to Magistrate Judge Lee. (*See* Court Docs. 12, 13). As the Magistrate Judge correctly determined, those arguments she did present are insufficient to meet her burden of establishing that a sentence six remand is warranted. Consequently, the Court will **OVERRULE** Plaintiff's fifth objection.[3]

---

[3] Even if the Court were to consider her new arguments, Plaintiff would still be unable to establish her entitlement to a sentence six remand. In her objections to the Report and Recommendation, Plaintiff clearly articulates why the medical opinions were unavailable and, correspondingly, why she was unable to produce them. However, she has not demonstrated a reasonable probability that the outcome of her administrative proceedings would have been different in light of the new evidence, nor does she establish that the reports – which were prepared in late 2009 and 2010 – relate to her condition during the relevant period of alleged disability: June 2005 to June 25, 2008. These are essential components to a remand based on the sixth sentence of 42 U.S.C. 405(g). *See Ferguson*, 628 F.3d at 276, 277-78. Further, to the extent that the new medical opinions demonstrated that Plaintiff's condition progressively worsened after the initial denial of

-6-

*Motion for Closed Period of Disability*

In August 2011 – after filing her objections to Magistrate Judge Lee's Report and Recommendation – Plaintiff submitted a Motion styled: "Notice of Filing of Fully . . . Favorable Decision . . . of Administrative Law Judge of August 15, 2011 and Request for Closed Period of Disability from June 26, 2005 to June 25, 2008." (Court Doc. 25, Pl.'s Mot.). She attached to her Motion a copy of a second ALJ's decision, rendered in August 2011, which found her disabled as of June 26, 2008 (i.e., one day after the first ALJ's denial of benefits). (Court Doc. 25-1).

Plaintiff filed her initial claim for benefits on November 24, 2006. (Tr. 13). That claim was denied on June 25, 2008. (Tr. 24). On November 17, 2009, she filed a second claim for benefits, alleging an onset date of June 26, 2008. (*See* Court Doc. 25-1 at 1). In an August 15, 2011 decision, the ALJ found Plaintiff disabled as of the onset date she alleged. (*Id.* at 10). The August 2011 ALJ's decision relied in substantial part on the medical opinions Plaintiff sought to introduce before this Court as "new evidence" of disability relating to her initial claim (i.e., the reports of Drs. Mullady, Nelson, and Senter). (*Id.* at 7-8). It also considered evidence presented in conjunction with Plaintiff's initial claim for benefits. (*See id.* at 7).

In her Motion, Plaintiff urges the Court to rely on the ALJ's decision granting benefits in her second claim as evidence of disability during the period covered by her first claim.

---

disability benefits, the appropriate course of action would have been to initiate a new claim for benefits. *See Sizemore v. Sec'y of Health and Human Serv.,* 865 F.2d 709, 712 (6th Cir. 1988) ("Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition . . . . If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.") (citation omitted). Plaintiff has done exactly that. (*See* Court Doc. 25-1).

-7-

(Pl.'s Mot. at 1-2). She further moves that the court reject the Magistrate Judge's Report and Recommendation, reverse the first ALJ's denial of benefits, and award benefits for the closed period of June 26, 2005 through June 25, 2008. (*Id.*). Citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646 (6th Cir. 2009), Defendant responds that reversal is inappropriate, as the record does not make clear Plaintiff's entitlement to benefits, and the ALJ's opinion is not "new evidence" sufficient to warrant remand. (Court Doc. 25, Def.'s Resp. at 3). Plaintiff replies by attempting to distinguish her case from *Allen*, and she reasserts that the Court should either award benefits under sentence four of 42 U.S.C. § 405(g) or remand the claim under sentence six. (Court Doc. 28, Pl.'s Reply at 6-7).

To the extent Plaintiff argues in her motion and reply brief that the Court should reverse the Commissioner's decision under sentence four, her arguments are without merit. Sentence four of § 405(g) provides: "The court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g) (emphasis added). The second ALJ's decision and the new medical opinions on which it relied are not part of the administrative record in the only claim before this Court (i.e., the November 24, 2006 claim for benefits that was denied June 25, 2008). They therefore do not form the basis for a reversal of the Commissioner's decision under sentence four. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (distinguishing sentence four, which allows for remand based on the administrative record, from sentence six, which "plainly describes an entirely different kind of remand, appropriate when the district court learns of evidence not in existence or available to the claimant at the time of

the administrative proceeding that might have changed the outcome of that proceeding"). Magistrate Judge Lee's Report and Recommendation, as adopted by the Court in this Order, makes clear why the pleadings and transcript of the record do not merit a reversal under sentence four.

Likewise, the second ALJ's decision granting Plaintiff benefits does not warrant a remand under sentence six. The Sixth Circuit has held that:

> Under sentence six, the mere existence of the subsequent decision in [the plaintiff]'s favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.

*Allen*, 561 F.3d at 653.[4] The fact that a subsequent ALJ found that Plaintiff was disabled beginning after the first ALJ's denial of benefits does not bear on the claim before this Court. *See id.* Similarly, the second ALJ's alternative analysis of evidence submitted in connection with Plaintiff's initial claim is not "new evidence" within the meaning of sentence six. *Id.* Finally, to the extent Plaintiff argues that the new opinions of Drs. Mullady, Nelson,

---

[4] The Court notes that, in Plaintiff's reply brief, she has quoted *Allen* as standing for the proposition that the second ALJ's analysis and decision may be considered as new evidence: "If a subsequent favorable decision – separated from any new substantive evidence supporting the decision – could itself be 'new evidence' under sentence six, the only way that it might change the outcome of the initial proceeding is by the power of its alternative analysis of the same evidence." (Pl.'s Reply at 7) (quoting *Allen*, 561 F.3d at 653). The language immediately preceding and succeeding the quote Plaintiff has extracted makes clear that *Allen* stands for an entirely different proposition altogether:

> A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence . . . . But remand under sentence six is not meant to address the "correctness of the administrative determination" made on the evidence already before the initial ALJ . . . . In addition, it is overly broad to read the words "new evidence" in sentence six to include a subsequent decision based on the same evidence. In *Melkonyan*[ *v. Sullivan*, 501 U.S. 89 (1991)], the Court noted that the legislative history of § 405(g) shows that "Congress made it unmistakably clear that it intended to limit the power of district courts to order remands for 'new evidence' in Social Security cases."

*Allen,* 561 F.3d at 653.

and Senter – which were unavailable to the first ALJ, and on which the second ALJ relied – should constitute evidentiary bases for a sentence six remand, Magistrate Judge Lee addressed that claim in her Report and Recommendation, and the Court has further addressed it above. The Court will therefore **DENY** Plaintiff's "Notice of Filing of Fully . . . Favorable Decision . . . of Administrative Law Judge of August 15, 2011 and Request for Closed Period of Disability from June 26, 2005 to June 25, 2008."

Accordingly, and for the reasons listed above:

- To the extent this Order may modify the Report and Recommendation, the Court **ACCEPTS** and **ADOPTS AS MODIFIED** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b);
- Plaintiff's objections [Court Doc. 23] are **OVERRULED**;
- Plaintiff's Motion for Summary Judgment [Court Doc. 11] is **DENIED**;
- Plaintiff's "Motion for Remand Pursuant to the 'Sixth Sentence' of [42 U.S.C. § 405(g)] for Consideration of New Evidence" [Court Doc. 12] is **DENIED**;
- Plaintiff's "Notice of Filing of Fully . . . Favorable Decision . . . of Administrative Law Judge of August 15, 2011 and Request for Closed Period of Disability from June 26, 2005 to June 25, 2008" [Court Doc. 25] is **DENIED**;
- Defendant's Motion for Summary Judgment [Court Doc. 16] is **GRANTED**; and
- The Commissioner's denial of benefits is **AFFIRMED**, and the instant action

is **DISMISSED WITH PREJUDICE**.

The Clerk shall close this case.

**SO ORDERED** this **23rd** day of September, 2011.

                                                */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE